NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CECILIA GUARDIOLA, ex. rel. United States of America,

Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

Intervenor-Appellant,

v.

RENOWN HEALTH; et al.,

Defendants.

No.     20-15831

D.C. No.
3:12-cv-00295-LRH-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted April 12, 2021
San Francisco, California

Before:  MURGUIA, R. NELSON, and HUNSAKER, Circuit Judges.

The United States appeals the district court's order granting relator Cecilia

Guardiola a share of proceeds that the government's recovery audit contractor

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

("RAC") recouped while auditing Guardiola's former employer, Renown Health ("Renown"). Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

1. The district court erred in determining that the RAC's audits constituted an "alternate remedy" under the False Claims Act. *See* 31 U.S.C. § 3730(c)(5). For a proceeding to constitute an alternate remedy under § 3730(c)(5), the government must select that proceeding after a relator files her *qui tam* complaint pursuant to the False Claims Act. *See id.*; *United States ex rel. Barajas v. United States*, 258 F.3d 1004, 1010 (9th Cir. 2001) ("An alternate remedy under § 3730(c)(5) is a remedy achieved through the government's pursuit of a claim after it has chosen not to intervene in a qui tam relator's [] action."). Put another way, if the government chooses to recoup lost dollars in a proceeding before the relator files her *qui tam* complaint, that proceeding does not constitute an alternate remedy under § 3730(c)(5). *See Barajas*, 258 F.3d at 1010.

Here, the record shows that the government's RAC continuously audited Renown for false inpatient billing from October 2010 to June 2013 and that Guardiola filed her complaint describing the same false inpatient billing in June 2012. Indeed, the record includes the RAC's pre-June 2012 audit spreadsheet and post-June 2012 audit spreadsheet. The same three denial codes describe the audits

2

in each spreadsheet.[1]  Guardiola stipulated that her complaint—alleging that Renown submitted false claims regarding inpatient billing—covered the post-June 2012 audits of Renown that included any one of those three denial codes.  Those three denial codes therefore covered false inpatient billing.  Because the same three denial codes describe the pre-June 2012 audits of Renown, the pre-June 2012 audits covered the same false inpatient billing that Guardiola alleged in her complaint.

The district court, however, found that the government's RAC did not continuously audit Renown for false inpatient billing before June 2012.  Because that factual finding is "not plausible in light of the record viewed in its entirety," the district court committed a clear error.  *See United States v. Hernandez-Escobar*, 911 F.3d 952, 956 (9th Cir. 2018) (citation and quotation marks omitted).  And because the government's RAC continuously audited Renown for false inpatient billing before June 2012, the RAC's audits are not an alternate remedy under § 3730(c)(5).  *See Barajas*, 258 F.3d at 1010.[2]  Therefore, the district court erred in awarding Guardiola a portion of the proceeds recovered by the RAC's audits.

2.    Finally, because we reverse the district court's finding that the RAC did

---

[1] The three denial codes include (1) "Medical Necessity;" (2) "Medical Necessity, minor surgery, I/P [inpatient] status;" and (3) "Minor surgery, I/P [inpatient] status."

[2] Alternatively, the district court reasoned that the government had a "duty" to stop the RAC's audit when Guardiola filed her complaint in June 2012.  We disagree.  No statutory authority or contract with the RAC *required* the government to stop a RAC's audit once a relator commenced a *qui tam* action.

not continuously audit Renown for false inpatient billing before June 2012, we need not decide whether § 3730(c)(5)'s statutory text includes a "preclusion" requirement.

**REVERSED.**